E. L. LUNDY v. STATE.

No. A-1497.    Opinion Filed November 18, 1912.

(127 Pac. 707.)

APPEAL—Time of Taking—Extension. Where the time provided by law or fixed by the trial court for making and serving a case-made or for perfecting an appeal has expired, the court has no power to extend such time, and any such attempted order is a nullity.

(Syllabus by the Court.)

*Appeal from Kingfisher County Court;*
*John Graham, Judge.*

E. L. Lundy was convicted of violating the prohibitory law, and appeals.  Dismissed.

*Daniel W. Lewis,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J.  Judgment was rendered in this case on the 29th day of July, 1911.  At said time the appellant was allowed 40 days within which to make and serve his case-made, and 60 days within which to perfect his appeal to this court.  Thereafter, on September 27th, an order was made by said court granting the appellant 40 days' additional time in which to make and serve his case-made, and also 40 days' additional time in which to perfect his appeal to this court.  Thereafter, on the 7th day of November, 1911, the court granted appellant 20 days' additional time in which to perfect his appeal to this court.  The case-made was filed in this court on the 25th day of November, 1911.

The 40 days granted appellant on the 29th day of July, 1911, to prepare and serve his case-made expired on the 7th day of September.  The attempt to extend this time was not made until 20 days later.  The order attempting to extend the time was therefore void; for that which has expired cannot be extended, neither can that which is dead be restored to life.  But even if

this were not true, and the order extending the time was valid, yet the case-made was not served until the 11th day of November, 1911, which was 94 days after the judgment, and the extension, even if valid, would only have given the appellant 80 days from judgment to prepare and serve his case-made. The extension of time for perfecting the appeal by filing case-made in this court, made on September 27th, was in time; but the additional time granted expired on the 6th day of November, 1911. The attempt to extend this time by an order of the court, made on the 7th day of November, was 19 days after the time legally allowed by the trial court to perfect the appeal had expired.

The appeal must therefore be dismissed.

DOYLE, J., concurs; ARMSTRONG, J., absent, and not participating.